

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 25, 2016

**BY ECF**

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

> Re:  *United States* v. *Minh Quang Pham*,
>       **12 Cr. 423 (AJN)**

Dear Judge Nathan:

　　The Government respectfully writes in response to the defendant's letter, dated May 20, 2016 ("Defendant's Letter" or "Def. Ltr."). For the reasons set forth below, the Court should: (1) deny the defendant's motion to suppress his Mirandized, post-arrest statements as untimely, and (2) deny the defendant's request for a five-month adjournment of the sentencing proceedings. Further, at the May 27 conference, the Government respectfully requests that the Court direct the defendant to state whether he intends to call any witnesses or offer any other evidence to rebut the Government's evidence regarding the entirety of Pham's conduct and, if so, to provide a proffer of that evidence to the Court.

### (1) Pham's Motion to Suppress His Mirandized, Post-Arrest Statements Should be Denied as Untimely

　　The Court should deny as untimely Pham's meritless request that his statements should be excluded from the Court's consideration at sentencing.[1] *See* Def. Ltr. at 2-3. Rule 12 of the Federal Rules of Criminal Procedure provides that a motion to suppress evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). Thus, a suppression motion – which is what Pham's request amounts to – that is not made before trial or entry of a guilty plea "is untimely," and may not be considered unless "the party shows good cause" for its untimeliness. Fed. R. Crim. P. 12(c)(3); *see*, *e.g.*, *United States* v. *Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) ("[A] district court may excuse waiver of a pre-trial suppression argument only for cause showing. Likewise, we

---

[1] The Government vigorously refutes any claim that either the prosecutors or agents violated the Sixth Amendment, the Model Rules of Professional Conduct, or any other legal or ethical rule. The defendant's assertions to the contrary are baseless, and his motion is as meritless as it is untimely.

Hon. Alison J. Nathan, U.S.D.J.
May 25, 2016
Page 2

will find complete waiver of a suppression argument that was made in an untimely fashion before the district court unless there is a showing of cause." (internal quotation marks omitted)); *United States* v. *Gonzalez*, 764 F.3d 159, 170 (2d Cir. 2014) ("Appellant did not move to suppress the identification and thus waived the issue."). In this vein, it "is well-settled that the failure to assert a particular ground in a pre-trial suppression motion operates as a waiver of the right to challenge the subsequent admission of evidence on that ground." *United States* v. *Klump*, 536 F.3d 113, 120 (2d Cir. 2008) (internal quotation marks omitted).

Pham's eleventh-hour challenge to the admissibility of his statements – which not only was raised post-plea, but indeed post-commencement of the sentencing proceedings in this case – clearly is "untimely" under Rule 12. Under the Court's scheduling Order, the defendant was directed to file any motions relating to unclassified discovery on or before July 17, 2015. *See* Dkt Entry 27 (05/11/2015 Order). The defendant filed no such motion. Nor does the defendant offer any explanation, let alone establish "good cause," as to why he failed to raise this baseless challenge until after the commencement of sentencing proceedings 10 months later. That alone is a sufficient ground to deny the defendant's motion under Rule 12. Fed. R. Crim. P. 12(c)(3).

The defendant's failure – indeed, his inability – to justify his belated challenge is further underscored by other aspects of the record before this Court. Pham pled guilty on January 8, 2016. At his plea proceedings, the Government provided a detailed factual proffer of the evidence upon which it would have relied if there was a trial in this matter. That proffer included Pham's Mirandized, post-arrest statements. *See* 01/08/2016 Tr. at 24-28. The defendant did not object to the Government's proffer or the use of his statements at that time. *See id.* at 28 ("We are not objecting to anything that supports the elements of the charges to which Mr. Pham pleaded guilty."). Following his guilty plea, the Probation Office prepared its Presentence Report, which it first disclosed on March 7, 2016. *See* Exhibit A (PSR initial disclosure). In the cover letter accompanying that initial disclosure, the Probation Office requested that the parties "communicate any objections to the Probation Department within fourteen (14) days from receipt of this report." *Id.* (emphasis in original). That initial disclosure contained a detailed recitation of Pham's post-arrest statements to the FBI. *See* Exhibit A (PSR initial disclosure) at ¶ 45. The defendant did not object to the inclusion, accuracy, or completeness of his statements in the Presentence Report. *See* Addendum to the Presentence Report, dated March 31, 2016, at 22. Similarly, the defense raised no objection to the Government's use of his statements in its sentencing submission, dated April 29, 2016.[2] Indeed, at the sentencing hearing in this matter, Pham and his counsel specifically disclaimed any objection to the final Presentence Report, which also included the detailed recitation of Pham's post-arrest statements. Against this backdrop, there can be no question that Pham's post-plea and post-sentencing objection to the use of his Mirandized, post-arrest statements is untimely and properly denied under Rule 12.

Moreover, through entry of his unconditional plea of guilty, Pham has waived his ability to challenge the admissibility of his Mirandized post-arrest statements. "It is well settled that a

---

[2]  Rather, the defendant asked the Court to consider his "explanation" of his post-arrest statements, which was annexed as Exhibit B to the defendant's sentencing submission.

Hon. Alison J. Nathan, U.S.D.J.
May 25, 2016
Page 3

defendant's plea of guilty admits all of the elements of a formal criminal charge, and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction." *Hayle* v. *United States*, 815 F.2d 879, 881 (2d Cir. 1987) (internal citations omitted); *see also United States* v. *Broce*, 488 U.S. 563, 569 (1989). The Second Circuit has held that, by the entry of a guilty plea, a defendant waives all but those claims going to "the most fundamental premises for the conviction." *United States* v. *Doyle*, 348 F.2d 715, 719 (2d Cir. 1965); *see United States* v. *Lasaga*, 328 F.3d 61, 63-64 (2d Cir. 2003) (finding guilty plea waived challenge to constitutionality of a statute); *United States* v. *Calderon*, 243 F.3d 587, 590 (2d Cir. 2001) (same as to objection to venue); *Lebowitz* v. *United States*, 877 F.2d 207, 209 (2d Cir. 1989) (same as to claim under Speedy Trial Act); *United States* v. *Selby*, 476 F.2d 965, 966-67 (2d Cir. 1973) (same as to district court's ruling on motion to suppress). As such, this Court also should find that the defendant's belated and meritless motion to suppress was waived as a consequence of his guilty plea.

### (2) Pham's Request for a Five-Month Adjournment Should be Denied

The defendant's request to delay sentencing in this case for five months should be denied. The defendant has failed to comply with the Court's oral Order, dated May 16, 2016, directing him to inform the Court and the Government by the end of last week "whether or not the defendant is requesting a *Fatico* hearing." *See* Dkt Entry for May 16, 2016 Proceedings. Instead, the defense claims that the defendant "has not yet decided whether to request a hearing," Def. Ltr. at 1, and claims that he requires "[c]larification" of several points of black-letter law before he "can make an informed decision whether to request a hearing," and unreasonably has requested an adjournment of all proceedings in this case until "the first Monday in October." *Id.* at 1, 3. The Court should deny this request, and direct the defendant to state at the conference on May 27, 2016, whether he is requesting an evidentiary hearing and, if so, what evidence he intends to offer to attempt to rebut the Government's showing regarding any aspect of the defendant's relevant conduct.

As an initial matter, the defendant has not offered a valid explanation for his failure to comply with the Court's directive. Indeed, the questions raised by defense counsel all are answered by well-established precedent concerning the administration of sentencing hearings. The Court has "broad discretion" to consider "all relevant information" when making factual findings pertaining to sentencing. *United States* v. *Pico*, 2 F.3d 472, 475 (2d Cir. 1993); *see also United States* v. *Prince*, 110 F.3d 921, 924 (2d Cir. 1997). It is axiomatic that a sentencing court is not limited to "admissible evidence" in making its sentencing determination, *United States* v. *Brinkworth*, 68 F.3d 633, 641 (2d Cir. 1995), and may instead consider any "reliable" proof. *See* U.S.S.G. § 6A1.3, comment. ("sentencing judges are not restricted to information that would be admissible at trial" but may consider any reliable evidence); *United States* v. *Shonubi*, 998 F.2d 84, 89 (2d Cir. 1993). In particular, a sentencing court may rely upon "hearsay [statements], evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal," *United States* v. *Reese*, 33 F.3d 166, 174 (2d Cir. 1994); *see also United States* v. *Romano*, 825 F.2d 725, 728 (2d Cir. 1987), and even the hearsay statements of an absent informant, *see United States* v. *Streich*, 987 F.2d 104, 107 (2d Cir. 1993) (per curiam) (district court was entitled to rely on informants' statements summarized in the presentence report,

Hon. Alison J. Nathan, U.S.D.J.
May 25, 2016
Page 4

especially because defendant made no demand for cross-examination); *United States* v. *Fatico*, 579 F.2d 707, 713 (2d Cir. 1978) (due process does not prevent use in sentencing of out-of-court declarations by even an unidentified informant, where there is sufficient corroboration of declarations).

Against this backdrop, the defendant's requests for clarification are readily discernible from binding precedent, and should not result in a delay in the proceedings in this case or otherwise inhibit his ability to decide whether to request an evidentiary hearing.  For example:

(1) Q: "What standard of proof will be applied?"

A: Disputed sentencing factors need only be proved by a preponderance of the evidence. *See*, *e.g.*, *United States* v. *Guerra*, 888 F.2d 247, 251 (2d Cir. 1989); *see also McMillan* v. *Pennsylvania*, 477 U.S. 79, 91-93 (1986).[3]

(2) Q: "Which party bears the burden of production?" and "Which party bears the burden of persuasion?"

A: It is the Government's burden to set forth the facts that it believes are relevant to sentencing.  And it has done so here.  The Probation Office has prepared a detailed, and unobjected to, Presentence Report, which sets forth many of the facts relevant to sentencing.  And as set forth in detail in the Government's sentencing submission, it relies upon the unobjected to facts of the Presentence Report, as supplemented by the additional information in its more than 50-page sentencing submission and exhibits, to support the imposition of a Guidelines sentence here.  As the Government stated at the May 16 sentencing hearing, the Government has carried its burden in that respect, does not intend to offer additional evidence in the form of live testimony or otherwise, and is prepared for the Court to rule on the record as is.[4]

---

[3]  The Court should reject defense counsel's reliance on language from a sentencing opinion issued in the District of Massachusetts to argue that there is some ambiguity as to what standard should be applied to resolve factual disputes at sentencing.  *See* Def. Ltr. at 4 (citing *United States* v. *Pimental*, 367 F. Supp. 2d 143, 153-54 (D. Mass. 2005)).  There is no such ambiguity in this Circuit.  The issue was laid to rest in *United States* v. *Cordoba-Murgas*, 233 F.3d 704, 709 (2d Cir. 2000), which held that the preponderance standard is "mandated."  Furthermore, the *Pimental* court was considering the question of whether a higher standard should be applied in order to consider facts at sentencing underlying charges of which the defendant was acquitted at trial.  That is not the case here.

[4]  While "there is no doubt that the Due Process Clause is implicated at sentencing," *United States* v. *Carmona*, 873 F.2d 569, 574 (2d Cir. 1989), it "does not restrict the court with respect to the type of information it may consider for purposes of sentencing." *United States* v. *Copeland*, 902 F.2d 1046, 1050 (2d Cir. 1990).  Indeed, the Second Circuit has specifically held that "[i]t is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross-examine." *Carmona*, 873 F.2d at 574.  Where the evidence is disputed, the Government's submission of

Hon. Alison J. Nathan, U.S.D.J.
May 25, 2016
Page 5

    (3) Q: "Is the purpose of the hearing to make a finding regarding an element of the charged offense?" and "Is the purpose of the hearing to make a finding regarding relevant conduct?"

    A: These questions attempt to create a distinction without a difference in this case.[5] The issue of Pham's intent in volunteering to conduct a suicide mission for Anwar al-Aulaqi, receiving extensive training in the fabrication and use of explosive devices, and ultimately returning to the U.K. to conduct such an operation is clearly a factor important to the sentencing determination. Under the Guidelines, "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). This factual dispute is something that the Court must resolve before imposing sentence, assuming that the Court agrees that it is something to consider in imposing sentence. Disputed sentencing factors need only be proved by a preponderance of the evidence. *See Guerra*, 888 F.2d at 251; *McMillan*, 477 U.S. at 91-93. And the Second Circuit has made clear that the preponderance standard remains the only standard at sentencing, *see Cordoba-Murgas*, 233 F.3d at 709, and that it survives the Supreme Court's holding in *United States* v. *Booker*, 543 U.S. 220 (2005). *See United States* v. *Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005).

    That is the state of the record. To the extent the defendant wants to dispute a particular issue, he is entitled to do so. To the extent he seeks to call a witness or offer some other evidence to refute the facts presented by the Government, he may request permission to do so from the Court. This Court enjoys broad discretion to determine the procedure by which disputed issues at sentencing will be resolved, so long as it "'afford[s] the defendant some opportunity to rebut the Government's allegations.'" *United States* v. *Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996) (quoting *United States* v. *Eisen*, 974 F.2d 246, 269 (2d Cir. 1992)); *see also United States* v. *Berndt*, 127 F.3d 251, 257 (2d Cir. 1997). Even when facts pertaining to sentencing are contested, a trial court is "not required under the due process clause or the Guidelines to hold a full-blown evidentiary hearing," *United States* v. *Olvera*, 954 F.2d 788, 792 (2d Cir. 1992); *see also United States* v. *Zagari*, 111 F.3d 307, 330 (2d Cir. 1997), but may

---

additional evidence corroborating the reliability of such hearsay information satisfies any due process concerns. *Romano*, 825 F.2d at 728-29; *Tineo* v. *United States*, 977 F. Supp. 245, 261 (S.D.N.Y. 1996) ("A sentencing court's consideration of hearsay evidence does not violate a defendant's due process rights, or the Confrontation Clause of the Sixth Amendment.").

[5] The Court has adjudicated the defendant guilty of each of the crimes to which he pleaded. In making that determination, the Court already has found that there was a sufficient factual basis for each element of the crimes of conviction, and the parties do not dispute that. All that remains is the imposition of sentence. As such, the Court should reject the defense's suggestion that a hearing may be necessary to determine an element of the offense, *see* Def. Ltr. at 2, and any finding at this stage with regard to the defendant's conduct therefore is subject to the mandated preponderance-of-the-evidence standard at sentencing. *See Cordoba-Murgas*, 233 F.3d at 706, 709.

Hon. Alison J. Nathan, U.S.D.J.
May 25, 2016
Page 6

alternatively afford the defendant an opportunity to be heard by means of "affidavits, letters or other writings, argument and comment directed to the court, [or] cross-examination of witnesses." *United States* v. *Prescott*, 920 F.2d 139, 143 (2d Cir. 1990); *United States* v. *Pugliese*, 805 F.2d 1117, 1123 (2d Cir. 1986) ("a convicted defendant has no absolute right to present his own witnesses, since sentencing proceedings are not designed to be fullblown evidentiary hearings").  Thus, if the defendant wishes to request a hearing and to offer witness testimony "to rebut the Government's allegations," he should do so.[6]

This defendant has been afforded ample time and opportunity to rebut the Government's allegations.  *Slevin*, 106 F.3d at 1091.  He could have objected to the Government's proffer at the plea proceedings, but he did not.  He could have objected to the facts contained in the Presentence Report, but he did not.  He could have requested a *Fatico* hearing in his sentencing submission, his reply, or at the sentencing proceedings, but he did not.[7]  Instead, as is his right, he chose to present testimonials from friends and family and his own account and "explanation" of the events in a written letter to the Court.  *See Prescott*, 920 F.2d at 143.

When considered in light of these facts and binding legal authorities, it is a sound exercise of this Court's discretion to deny the defendant's request for additional time to consider whether to present evidence or to seek an evidentiary hearing.  *See Slevin*, 106 F.3d at 1091; *Prescott*, 920 F.2d at 146.  Indeed, against this backdrop, it would be a sound exercise of the Court's discretion to deny the defendant an opportunity to present evidence at a hearing altogether.  *See Pugliese*, 805 F.2d at 1123.  And because that is the case, and that is the law, then it would be an equally sound exercise of the Court's discretion to order the defendant to state whether he intends to offer live witness testimony to attempt to rebut the Government's allegations and, if so, to proffer what witnesses or evidence he intends to offer.  Based on that proffer, the Court should determine whether such evidence is relevant and whether a hearing is necessary.  *Compare Prescott*, 920 F.2d at 143 (allowing the defendant an opportunity to be heard by means of "affidavits, letters or other writings, argument and comment directed to the court") *with Pugliese*, 8805 F.2d at 1123 ("a convicted defendant has no absolute right to present his own witnesses, since sentencing proceedings are not designed to be fullblown evidentiary hearings").

As such, the Court should deny the defendant's request for an unreasonably lengthy adjournment and direct the defendant to comply with its original oral Order from May 16, 2016.  To the extent the defendant does not intend to offer additional evidence, or if the Court

---

[6]  Depending on whether the defendant decides to offer additional evidence in order to refute the facts presented by the Government, the Government reserves the right to present additional evidence in rebuttal.

[7]  In fact, the defendant explicitly stated that he was not seeking a *Fatico* hearing in both his sentencing submission and when first asked by the Court at the sentencing proceedings on May 16.

Hon. Alison J. Nathan, U.S.D.J.
May 25, 2016
Page 7

determines that a hearing is not necessary based upon the defendant's proffer of evidence, the Government remains prepared to proceed to sentencing on May 27, 2016, on the current record.

       As always, the undersigned are available to answer any questions the Court may have.

Respectfully yours,

PREET BHARARA
United States Attorney

by:       /s/

Sean S. Buckley
Anna M. Skotko
Shane T. Stansbury
Assistant United States Attorneys
(212) 637-2261 / 1591 / 2641

cc: Bobbi C. Sternheim, Esq.
    *Counsel for defendant*