```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

MINH QUANG PHAM,

                Defendant.

12 Cr. 423 (AJN)

[PROPOSED] ORDER

ALISON J. NATHAN, United States District Judge:

    1.    On May 24, 2014, a grand jury returned Indictment 12 Cr. 423 (AJN) (the "Indictment"), charging Pham in five counts with: (1) conspiring to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B ("Count One"); (2) providing and attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B ("Count Two"); (3) conspiring to receive military-type training from a designated foreign terrorist organization, in violation of 18 U.S.C. § 371 ("Count Three"); (4) receiving military-type training from a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339D ("Count Four"); and (5) possessing, carrying, and using an automatic firearm in relation to crimes of violence, in violation of 18 U.S.C. § 924(c) ("Count Five").

    2.    On January 8, 2016, Pham pled guilty before this Court to Counts Two, Three, and Five of the Indictment, pursuant to a plea agreement with the Government.

    3.    On May 31, 2016, at the defendant's sentencing, the Court granted the Government's motion to dismiss Counts One and Four of the Indictment, pursuant to the plea agreement between the parties.

    4.    On August 21, 2018, this Court entered an order notifying the parties that it had received a letter from the defendant requesting that the Court vacate his conviction on Count Five

in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which the Court construed as a motion to vacate the defendant's sentence under 28 U.S.C. § 2255.

5. On August 14, 2020, the Government filed a letter motion stating that the while the Government agreed that the Supreme Court's decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), required vacatur of the defendant's conviction under 18 U.S.C. § 924(c) of Count Five, the Government moved that the vacatur of the defendant's guilty plea to Count Five on the defendant's motion also required vacatur both of the defendant's other guilty pleas to Counts Two and Three and of the Court's order dismissing Counts One and Four.

6. On September 11, 2020, the defendant filed a letter notifying the Court that he did not object to the Government's application.

7. On consent of the parties, it is hereby ordered that:

    a. The defendant's guilty pleas to Counts Two, Three, and Five of the Indictment are VACATED.

    b. The Court's order dismissing Counts One and Four of the Indictment is VACATED.

    c. The plea agreement is NULLIFIED upon vacating the convictions.

    d. The defendant is hereby ordered REMANDED without prejudice to bringing a bail application at a later date.

    e. Time under the Speedy Trial Act is excluded until the pretrial conference to be held on October 28, 2020, at 3:00 p.m.

SO ORDERED.

Dated: September 24, 2020
    New York, New York

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Case 1:22-cr-00423-RMB  Document 191  Filed 09/24/20  Page 3 of 3